UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UZIYAH IRIZARRY,<br>   Plaintiff,<br><br>  v.<br><br>PROVIDENCE DEPARTMENT OF<br>PUBLIC SAFETY, et al,<br>   Defendants. | No. 1:21-cv-00081-MSM-LDA |

ORDER

Mary S. McElroy, United States District Judge.

  Mr. Irizarry was arrested on August 12, 2018, by members of the Providence Police Department in connection with a warrant issued by the State of Maine. While he was detained overnight, he was allegedly sleep-deprived and handcuffed in such a way as to cause excruciating pain and burn marks. Equally upsetting to him, he alleges, he was mocked and ordered to remove religious garments, a Star of David necklace, and his yarmulke – items he contends he is required as an orthodox Jew to wear at all times. He filed this action seeking redress for violations of the Fourth, Fourteenth and First Amendments, and for the intentional infliction of emotional distress.

In addition to nine "John and Jane Doe" officers of the Providence Police whose names he does not know, he has sued the Providence Department of Public Safety ("PDPS"), the Providence Police Department("PPD") and the City of Providence ("City"). The named defendants moved to dismiss. (ECF No. 10.)

Subdivisions of the City are not legal entities that are "persons" under 42 U.S.C. § 1983 or independent entities that can be sued. *Zendran v. The Providence Police Department*, No. 04-455ML (ECF No. 26, Oct. 5, 2004), *aff'd* (ECF No. 36) (1st Cir. July 10, 2006); *Franchina v. City of Providence, Fire Dept. and Providence Firefighters IAFF Local 799*, No. 12-cv-00517 (Text Orders Dec. 14, 2012, and April 15, 2013). With respect to the supplemental state claim, the same is true. *Peters v. Jim Walter Door Sales of Tampa, Inc.,* 525 A.2d 46, 47 (R.I. 1987). Therefore, the Motion to Dismiss on behalf of PDPS and PPD is GRANTED.

With respect to the action against the City, the plaintiff has failed to plead sufficient allegations to make out a case against a municipality. *Monell v. Social Servs. of New York,* 436 U.S. 658, 690 (1978) (municipalities may be sued only for actions that "implement[s] or execute[s] a policy statement, ordinance, regulation, or decision [or custom] officially adopted and promulgated by that body's officers."). The plaintiff maintains that his use of the phrase "racial profile" in the Complaint was shorthand for the detailed allegations that *Monell* requires, arguing that "[r]acial profiling, by definition, alludes to a customary practice well-documented as a habit and problem in the Providence Police Department." (ECF No. 11, at 10). Lexicon does not substitute for well-pled allegations and the Court cannot take judicial notice

of what the plaintiff terms a "habit and problem in the Providence Police Department." The Complaint falls short of the Rule 12(b)(6) standard of plausible claims with respect to the City, *Ashcroft v. Iqbal,* 555 U.S. 662, 679 (2009), and the City's Motion to Dismiss is therefore GRANTED.

The plaintiff has, however, pleaded sufficient facts to state a claim against the unidentified PPD officers. Because he does not know their identities, they have not been served. The plaintiff has ninety (90) days from the date of this Order to determine the identities of one or more John or Jane Does and to move to substitute their names as defendants.

IT IS SO ORDERED:

_____
Mary S. McElroy
United States District Judge
October 28, 2021